IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **GREGORY SCOTT,** | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   CASE NO.: 2:06CV00654-MEF |
| **NORMENT SECURITY GROUP, INC.,** | ) |
| | ) |
|   Defendant. | ) |
| | ) |
| | ) |

## STIPULATED PROTECTIVE ORDER

On February 16, 2007, the parties jointly moved the Court (Doc. #13) for a protective order to protect the confidentiality of certain discovery materials and the privacy of certain individuals. It is therefore

ORDERED that the joint motion is GRANTED. It is further

ORDERED that:

1.    The term "confidential material" shall initially be deemed to refer to any documents produced by any of the parties in this case. The term "confidential material" also refers to any deposition testimony, or transcripts or recordings thereof, designated as confidential by any of the Parties in this case.

Party's counsel shall notify opposing counsel in writing if they do not agree that such documents or deposition testimony contain confidential material. If opposing counsel objects in writing to such notice within seven (7) calendar days, such documents or deposition testimony shall continue to be considered confidential material subject to this Protective Order unless otherwise

ordered by the Court. The Parties shall act in good faith and shall not unreasonably object to such a request by opposing party's counsel. In the event of a written objection by opposing party's counsel, counsel may petition the Court for an order declaring that such documents or deposition testimony are not subject to this Protective Order.

2. The inadvertent or unintentional disclosure of confidential material will not be construed to be a waiver, in whole or in part, of (1) the producing party's claims of confidentiality either as to the specific information disclosed or (2) the parties' rights later to designate such materials as "Confidential" pursuant to this Order.

3. If for any reason confidential material is to be filed with the Court (as part of any motion, brief, deposition or otherwise), it shall be placed in a sealed envelope marked "CONFIDENTIAL" and shall not be made available or accessible to any person other than those specified in paragraphs 5 and 6 below. Confidential material filed with the Court and marked "CONFIDENTIAL" shall bear substantially the following legend:

> This envelope containing documents which are filed in this case by (name of party) is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court.

4. Until further agreement among the parties or order of the Court, the attorneys for all parties will treat the claimed confidential material or information as confidential, using it for purposes of this lawsuit only, confidential information shall not be used for any other purposes, including but not limited to, other cases, proceedings or disputes or any commercial, business or competitive purpose. Said attorneys shall take all reasonable precautions to prevent its disclosure to any person except themselves and secretaries or paralegal personnel in the attorneys' offices who

are aiding the attorneys in the litigation of the claims herein.  Nothing in this Paragraph 4 shall operate to prevent any party from seeking an order of the Court, upon notice to opposing counsel, for permission to use confidential information in other cases, proceedings or disputes.

  5. Confidential material may be disclosed to the attorneys for the named parties, and persons regularly employed in the attorney's offices whose assistance is required by the attorneys for the named parties in the preparation of trial of this action.  Confidential material may also be disclosed to the named plaintiffs in this litigation and the experts and consultants employed by the attorneys, provided that these parties agree in writing to be bound by the terms of this Order in accordance with the provisions of paragraph 6 below.

  6. Before confidential material may be disclosed to experts or consultants, counsel for the party seeking disclosure shall first advise opposing counsel in writing of his intent to disclose confidential material, specifying in reasonable detail the person(s) to whom disclosure is to be made and the materials to be disclosed.  If opposing counsel objects to such disclosure within seven (7) calendar days, such disclosure shall not be made.  Counsel may then petition the Court for permission to disclose such information over the objection of opposing counsel.  Any such person to whom confidential material is to be disclosed, either by agreement or by permission granted by the Court, shall first be advised by the attorney making the disclosure that pursuant to this protective order such person may not divulge any such confidential material to any other person.  The attorney shall secure from such person a statement that he/she has read this protective order and understands that, pursuant to this protective order, he/she may not, and that he/she undertakes not to divulge any confidential material except as provided in this Order.  Such agreement shall be maintained in the

possession of the attorney until further order of the Court.

    7.    After this case is finally completed, including the final exhaustion of all appeals, all materials coming within the provisions hereof, either shall be returned to the parties or, at the written direction of the parties, shall be destroyed by the party possessing them.

    8.    The provisions of this Order will survive and remain in full force and effect after the entry of a final judgment, including any appellate proceeding in this case, either by settlement or litigation.  This Court retains jurisdiction, including the period after the entry of a final judgment, to enforce, construe, interpret and amend the provisions of this Order.

    9.    Nothing in this Order shall operate to prevent any confidential document from being admissible into evidence in this action at trial.

    10.    Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

    11.    In addition to other remedies available to the parties, violation of this Order shall subject the violator to all appropriate sanctions as provided under law, including but not limited to contempt citation.

    DONE on this 20th day of February, 2007.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE