IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY L. SCOTT | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 2:06-cv-654-MEF |
| | ) | |
| NORMENT SECURITY GROUP | ) | JUDGE MARK E. FULLER |
| | ) | |
|     Defendant. | ) | |

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR ENFORCEMENT OF SETTLEMENT OR, ALTERNATIVELY, TO DISMISS

COMES NOW the Defendant, Norment Security Group, Inc. and submits this brief in support of its motion for enforcement of the settlement agreement between Plaintiff and Defendant, in support of its motion to dismiss the settled case while retaining jurisdiction to enforce the settlement and, in addition, in support of the Court's right to dismiss the action for want of prosecution. The Defendant shows unto the Court the following:

### INTRODUCTION

This case involved Plaintiff Gregory Scott's claims of racial discrimination and retaliation against the Defendant. The parties experienced difficulty in finding an agreeable date for the Plaintiff's deposition, which was finally set for June 19, 2007. (Defendant's Notice to the Court and Motion for Enforcement of Settlement, hereinafter "Defendant's Notice," ¶ 1; Doc. 22). Plaintiff's attorney, Braxton Schell, Jr., Esq., and counsel for the Defendant engaged in settlement discussions. Plaintiff had initially offered to settle the case for $15,000. (*Id*. at Para. 2; Doc. 22; See also, Plaintiff's Response to Defendant's Notice to the Court, hereinafter "Plaintiff's Response", Doc. 23, in which Plaintiff's counsel confirms the accuracy of

1095751

Defendant's Notice).  The Defendant counter-offered $10,000, conditioned on a complete and confidential settlement and release. (*Id*.). Plaintiff's counsel acknowledges that after advising the Plaintiff of Defendant's counter-offer, the Plaintiff told him "to present a demand for $12,500" in settlement of the case. (Schell Affidavit ¶ 2, Doc. 26; Plaintiff's Response, Doc. 23). Plaintiff's counsel proceeded to make this demand to Defendant's counsel based on this specific authorization from his client, the Plaintiff. (*Id*.). Defendant's counsel conveyed his client's acceptance of Plaintiff's counter-counter-offer to Plaintiff's counsel along with the reminder that confidentiality would be enforced by liquidated damages of half the settlement amount. (Defendant's Notice at ¶ 2, Doc. 22).

The Defendant received an email communication from Plaintiff's counsel just after noon on June 18, 2007 that stated as follows: "Bruce, This will confirm our settlement for $12,500, with all the usual conditions." (Defendant's Notice at ¶ 2, Doc. 22). The email requested that Defendant's counsel draft and forward a settlement and release to Plaintiff's counsel. (*Id*.). Defendant's counsel replied to the email from Plaintiff's counsel the same day at 1:30 pm, confirming the settlement and the agreement for liquidated damages for any breach of confidentiality. (*Id*.). Based on the settlement, the plaintiff's deposition and others were mutually cancelled. (*Id*.).

Plaintiff's counsel has filed with this Court a Response to Defendant's Motion for Enforcement. Within this response, Plaintiff's counsel acknowledged that Defendant's Motion for Enforcement of the Settlement correctly set forth the facts with respect to this situation. (See Plaintiff's Response, Doc. 23, ¶ 2). Plaintiff's counsel attests that the lawsuit was settled for $12,500 and that he presented Plaintiff with a confirmation letter detailing the settlement and

1095751

expenses involved in his representation. (Schell Affidavit ¶ 3, Doc. 26; Letter from Plaintiff's Counsel to Plaintiff).

## ARGUMENT

### I. The Case Has Been Settled Because the Plaintiff's Attorney Had Express Authority to Settle the Case for the Amount in Which He Settled It.

The Plaintiff authorized his attorney to present his demand of $12,500 during settlement negotiations with the Defendant. (Plaintiff's Response, Doc. 23; Schell Affidavit ¶ 2, Doc. 26). The Defendant accepted this offer from Plaintiff's attorney and drafted a Settlement and Release Agreement detailing the agreement. (Defendant's Notice, ¶ 3, Attachment 1, Doc. 22. The Plaintiff and Defendant entered into a contract in which the Plaintiff agreed to settle his claims against Defendant in consideration of $12,500. "Settlement agreements are governed by basic principles of contract law." *Thompson v. D.C. America, Inc.*, 951 F. Supp. 192, 195 (M.D. Ala. 1996); (citing *Sheng v. Starkey Laboratories, Inc.*, 53 F.3d 192, 194 (8th Cir. 1995)).

An integral factor regarding the formation of settlement agreements is whether the client's attorney had the authority to settle his claims and enter into a binding contract on the client's behalf. The law in Alabama regarding settlement authority is that the "authority to settle is not incidental, but it is essential that an attorney have express, special authority from his client to do so." *Daniel v. Scott*, 455 So. 2d 30, 32 (Ala. Civ. App. 1984). Plaintiff's counsel attests that he had specific authority to settle the case with the Defendant. (Schell Affidavit ¶ 2, Doc. 26). Plaintiff's counsel attests that the Plaintiff specifically requested that counsel demand $12,500 as settlement for his claims. (Plaintiff's Response, ¶ 1, Doc. 23; Schell Affidavit ¶ 2, Doc. 26). Acting upon this express authority, Plaintiff's counsel made a settlement offer of $12,500 and Defendant's counsel accepted the offer. (Schell Affidavit ¶ 2, Doc. 26). It is

important to note that the Plaintiff was informed as to the progress of the negotiations between his counsel and Defendant's counsel. (Plaintiff's Response, ¶ 1, Doc. 23; Schell Affidavit ¶ 2, Doc. 26). This is significant because the Alabama Supreme Court has stated that such evidence of the plaintiff's participation and involvement in the process of negotiation can be determinative of an attorney's authority to settle on a plaintiff's behalf. *Hawk v. Biggio*, 372 So. 2d 303 (Ala. 1979). In *Hawk*, the Alabama Supreme Court upheld the trial court's ruling that the attorney did have authority to enter into a settlement agreement on the plaintiff's behalf because "there was evidence that Hawk had been participating in the negotiations and was kept informed as to the progress of the negotiations." *Id*. at 304.

Plaintiff Scott's attorney had authority to enter into an agreement on the Plaintiff's behalf, which binds the Plaintiff to the terms of the Settlement Agreement. By settling the Plaintiff's lawsuit against Defendant, Plaintiff's counsel has not prejudiced his client's rights in any manner whatsoever. Based on his experience as an attorney, Plaintiff's counsel considered the settlement fair considering the details of the Plaintiff's case. (Schell Affidavit ¶ 2, Doc. 26). It is essential for the efficient handling of lawsuits that attorneys, acting as agents, be able to settle cases for their clients when they are given the authority to do so. The evidence in this case strongly supports the assertions that this case was settled based upon the express, specific authority given by Plaintiff to his attorney.

Based on this evidence and the contract law governing settlement agreements, Defendant requests that the Court rule that the parties entered into a valid settlement agreement for the claims involved in this lawsuit. The Defendant also requests that the Court dismiss the Plaintiff's claims in this case.

1095751

## II. The Court Has Authority to Dismiss an Action that Has Been Settled and Has the Authority to Dismiss an Action for Want of Prosecution

A district court can dismiss an action that has been settled because no controversy exists after the settlement of the claims of the lawsuit. The Court can also dismiss an action for want of prosecution. The District Court for the Southern District of Alabama emphasized that "[d]istrict courts possess inherent power to sanction errant litigants before them." *Hudson v. Cardwell Corp.*, 2006 WL 2135791, *1 (S.D. Ala. 2006). The *Hudson* Court noted that "these incidental, inherent powers unquestionably include the power to dismiss an action for failure to prosecute." *Id.* (*citing See In re Mroz*, 65 F.3d 1567, 1575 n. 9 (11th Cir. 1995))(recognizing that power exists); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."). Also, "Rule 41(b), Fed. R. Civ. P., expressly 'authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or federal rules.'" *Hudson*, 2006 WL 2135791 at *1. (*citing Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999)).

By frustrating discovery in allowing his deposition to be cancelled because of a settlement, and then reneging on that settlement, Plaintiff should be held to have failed to properly prosecute his case. Additionally, dismissal is an available sanction that the Court can impose when a plaintiff fails to cooperate in discovery. In *Antalan v. Degussa-Huls Corp.*, 202 F. Supp. 2d 1331 (S.D. Ala. 2002), the Court dismissed the plaintiff's case for failure to cooperate with discovery and for failure to obey the orders of the Court. The *Antalan* Court held that a "Court should dismiss a case only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Id.* at 1337; (Quoting *Mingo v. Sugar Cane*

*Growers Co-op of Fla.,* 864 F.2d 101, 102 (11th Cir. 1989). If the Plaintiff, Gregory Scott, fails to respond as required by the Court's Order of July 5, 2007, dismissal of his action is clearly an option before the Court.

### III.     The Court Possesses the Authority to Enforce the Settlement Agreement and Retain Jurisdiction Over the Agreement After Dismissal

The Court has the authority to enforce the settlement agreement between Plaintiff, Gregory Scott and Defendant, Norment Security Group, Inc. The United States Supreme Court addressed the issue of enforcing a settlement agreement after the dismissal of the case in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). In *Kokkonen*, a case originally before the Eastern District of California, the parties to the lawsuit orally agreed to settle the suit during the trial, and the substance of this agreement was preserved on the record before the district judge. *Id*. at 376. However, the district judge did not reserve jurisdiction in the district court to enforce the settlement agreement. *Id*. at 377. After the settlement, there was a disagreement between the parties regarding the performance of a condition of the settlement agreement and one of parties moved to have the district court enforce the agreement. *Id*. The district court entered an enforcement order, which the petitioner appealed. *Id*. The district court's enforcement order was affirmed by the United States Court of Appeals for the Ninth Circuit Court on the basis that the district court had inherent supervisory power regarding settlement enforcement motions. *Id*. On appeal, the Supreme Court disagreed with the respondents and ruled that federal district courts do not have inherent power to enforce settlement agreements under the doctrine of ancillary jurisdiction. *Id*. at 380. However, the Supreme Court explicitly described how it was possible for a district court to retain jurisdiction

1095751

over the enforcement of a settlement agreement entered into before the court. The *Kokkonen* Court noted that

> [t]he situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal–either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

*Id*. at 381. Expounding upon this idea, the Supreme Court wrote that "[i]f the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so." *Id*. From the plain language of this case, the Supreme Court gave explicit instructions to federal district courts regarding how to retain jurisdiction over a settlement agreement entered into before these courts.

The United States Court of Appeals for the Eleventh Circuit adopted the holding in *Kokkonen* regarding the retention of jurisdiction over a settlement agreement in a case that has been dismissed. In *Am. Disability Ass'n. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002), the court of appeals analyzed the *Kokkonen* decision and held that "it is clear that, even absent the entry of a formal consent decree, if the district court either incorporates the terms of a settlement into its final order of dismissal *or* expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement." The *Chmielarz* case involved a pre-trial settlement that was "approved, adopted, and ratified" by the district court in its final order of dismissal, and "over which the district court expressly retained jurisdiction to enforce its terms." *Id*. at 1317. In support of its decision, the *Chmielarz* Court wrote that "[a] formal consent decree is unnecessary in these circumstances because the explicit retention of jurisdiction or the court's order specifically approving the terms of the settlement are, for these purposes, the functional

1095751

equivalent of the entry of a consent decree." *Id*. at 1320. *See Smyth v. Rivero,* 282 F.3d 268, 281 ("Where a settlement agreement is embodied in a court order such that the obligation to comply with its terms is court-ordered, the court's approval and the attendant judicial over-sight (in the form of continuing jurisdiction to enforce the agreement) may be equally apparent.")); *Nat'l Coalition for Students With Disabilities v. Bush,* 173 F. Supp. 2d 1272, 1279 ("[T]he parties' voluntary Settlement Agreement and resulting order and judgment requiring compliance with that Agreement have the same effect, for purposes of establishing prevailing party status, as would a litigated order imposing the same terms.").

In addition, the United States District Court for the Middle District of Alabama in *Thompson v. D.C. America, Inc.* has applied the Supreme Court's holding in *Kokkonen*. In *Thompson*, the Court addressed the issue of the enforcement of a settlement agreement and focused its analysis on whether the plaintiff's former attorney had authority to settle the case, or in the alternative, "whether the plaintiff's retention of the settlement proceeds" constituted ratification of the settlement agreement. *Thompson*, 951 F. Supp. at 195. Within its analysis, the Court cited *Kokkonen's* holding that a federal district court could enforce a settlement agreement if it retained jurisdiction to enforce the agreement in its dismissal order. *Id*. at 195.

The law clearly gives a federal district court the authority to retain jurisdiction over a settlement agreement after dismissal of the case in order to enforce the terms of the agreement. Defendant, Norment Security Group, Inc., requests this Court to approve the settlement agreement (Attachment 1 to Defendant's Notice; Doc. 22) between Plaintiff and Defendant [with

1095751

one inconsequential change]¹, dismiss the Plaintiff's claims, and retain jurisdiction over the settlement agreement.  Defendant suggests this approach because it avoids the necessity of incorporating a lengthy agreement in the Court's dismissal and because the Court can and should condition the Defendant's payment of settlement sums to the Plaintiff and in satisfaction of the Plaintiff's attorneys' lien upon receipt by Defendant of the properly-executed settlement agreement.  The Court would have jurisdiction to enforce the agreement in the event of a breach of the terms of the agreement by either party.

WHEREFORE, PREMISES CONSIDERED, Defendant moves this Honorable Court to dismiss Plaintiff's complaint, enforce the settlement agreement between the parties, and to expressly retain jurisdiction over the settlement agreement, or in the alternative, incorporate the terms of the Dismissal into its Final Order.

Respectfully submitted this the 13th day of July, 2007.

s/Bruce J. Downey III
**BRUCE J. DOWNEY III**
*ATTORNEY FOR DEFENDANT*

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama  36102-2069
Telephone:  (334) 241-8000
Telecopier:  (334) 323-8888

---

[1] The one change that should be made to the Settlement Agreement is the section [¶ 2, Waiver and Release of Claims] in which the Plaintiff represents that he is "under forty." Apparently, he has recently turned forty, so the averment should be changed to "under forty at the time of the alleged discrimination." This change is insignificant because it is the age "at the time of the discrimination" that controls claims under the ADEA, 29 U.S.C.A. § 621, and because Plaintiff's claims are of race discrimination – not age discrimination. This is the type of minor change that would have been easily resolved between counsel if Plaintiff had not reneged. Its resolution does not create an advantage for either party.

1095751

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 13th day of July, 2007 I mailed a copy of the foregoing, U.S. Mail postage prepaid, to the Plaintiff's prior counsel as well as having electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which may give notification of such filing to the following:

Braxton Schell, Jr., Esq.
Braxton Schell, Jr., P.C.
1330 – 21st Way S.
Ste. 210
Birmingham, AL 35205

  I further certify that I mailed a copy of the foregoing, U.S. Mail via certified mail, return receipt requested, postage prepaid, to the Plaintiff at the following address:

Gregory Scott
2667 Davenport Road
Greenville, AL 36037

           s/Bruce J. Downey, III
           **Of Counsel**

1095751